Turley, J.
delivered the opinion of the court.
We have been much astonished at the verdict upon which judgment in this case has been given. . The prisoner, a youth of some fifteen years of age, has been found guilty of murder in the second degree; to constitute which crime,’ malice aforethought is a necessary ingredient, under circumstances, . from which in our judgment it not only cannot be inferred, but which indeed directly disprove its existence.
It appears that the prisoner, with some other youths of his own age, was playing marbles, when the deceased, a full grown man, interfered in the game, and upon being remonstrated with for doing so, became turbulent, and commenced inflicting personal chastisement upon one of the boys; that while he was in the act of doing *142 this, the prisoner threw a stone at him, which struck him on the head and inflicted a wound of which he afterwards died.
That the prisoner had no previous illwill against the deceased, and that the blow struck was not upon premeditation, but the result of sudden excitement produced by the misconduct of the prisoner himself, cannot be questioned: and the weapon used was not, in the hands of the person using it, of a dangerous character, and one well calculated to produce the result which followed its use. The result must have been wholly undesigned and accidental: the same boy or any other might have thrown the same stone, or one like it, with the design of inflicting injury, a thousand times or more, without producing death: and yet, the jury have thought it proper to hold the youth responsible as for murder. This cannot be permitted; for murder has not been committed either in design or by implication of law.
A boy who from being provoked wantonly and improperly by a man, becomes excited and throws a stone at him, and it accidentally so falls, as in violation of all reasonable calculation of chances to kill him, is to be held guilty of murder, and punished as a murderer. This would be cruelty and not justice. It is true that the kind of murder of which the prisoner has been found guilty is not now punished by death; but that it is not so, is owing to the interposition of a statute, for it is murder as described at common law and it is requisite yet that it should have been perpetrated with malice aforethought either expressed or implied. There is no express malice; and it cannot be implied from the nature of the weapon used.
*143 The Attorney General argues that a very serious wound was inflicted; one which did produce death; and that it is a fair implication, that the weapon used was of a character to produce the effect it did. This is ingenious but fallacious: for the same thing might be argued of any case in which death accidentally ensued from the use of a weapon not calculated to kill. And moreover, the wound of which the deceased died is shewn to have been of such a character, as to make it, to say the least of it, problematical whether it was inflicted by the stone thrown by the prisoner.
We have no hesitation in saying that the prisoner is not guilty of murder, though the deceased died of the blow struck by him. Whether he be guilty of manslaughter or not is a question depending upon other propositions for its solution, and to be submitted to a jury, with all other matters in connection with the transaction, upon a new trial.
Judgment reversed and case remanded.
Gheen, J:
In this case, I think the throwing the stone by the defendant, was clearly unlawful, and as death ensued, it is a clear case of manslaughter.
McKinney, J:
Not being present in court when this case was heard, I decline any expression of opinion upon the point in respect to which my associates disagree.